UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re*:

DENNIS MARK WARNER,                           Case Number: 21-11039-13

          Debtor.

MICHAEL SCHUSTER,

          Plaintiff,

   v.

DENNIS MARK WARNER,                           Adversary Number:  21-00035

          Defendant.

## DECISION

The matter before the Court involves a declaratory judgment related to the ownership of real property. Each party has requested, through a motion for summary judgment and what this Court construes as a cross-motion for summary judgment, a declaration from this Court that they are the sole owner of the real property. For the reasons below, this Court grants both the motion and cross-motion for summary judgment in part, denies both in part, and declares that each party is a one-half owner of the property.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The matter before the Court relates to a debtor's property interests. It falls within "matters concerning the administration of the estate" and "other proceedings affecting

the liquidation of the assets of the estate" and is thus a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## BACKGROUND

Dennis Mark Warner ("Warner") filed a Chapter 13 in May 2021. His

schedules stated he jointly owned property in Albert Lea, Minnesota

("Property"). The Property was purchased in 2018. The purchase price was

$17,000.[1] He says the value of his interest is $8,500. He claimed the interest in

the property as exempt.

Warner listed Michael Schuster ("Schuster") as a creditor owed an

unknown amount based on a pending judgment in Dane County Circuit Court.

Schuster filed a proof of claim. The claim is based on an amount Schuster says

is his interest in the Property plus amounts said to have been paid by him for

landscaping, taxes, and other items. It includes additional amounts stemming

from the pending Dane County Circuit Court lawsuit.

This adversary proceeding was filed by Schuster. The complaint does not

contain any specific request for relief. Instead, it simply contains a series of

facts and allegations that dispute Warner paid any part of the purchase price

for the Property. Warner filed an answer disputing many of the material

allegations. That said, the following facts surrounding the purchase of the

Property are undisputed:

---

[1] The Closing Statement lists a Sale Price of $17,000. Adjusted for the down payment
and various closing costs and credits, the total due at closing was $17,180.87. ECF
No. 1, Exh. 3.

- The Property was purchased;

- The purchase price was $18,180.87;

- A $1,000 deposit towards the purchase price was paid;

- Schuster paid the remaining $17,180.87 of the purchase price by wire transfer;

- One-half of the total purchase price is $9,090.44;

- Warner has not paid that amount to Schuster;

- Schuster handled the closing;

- Schuster directed that the property be titled "Mark Warner and Michael Schuster, ("Grantee"), as joint tenants";

- Tools, equipment, and other items of personal property were left at the Property. Those items are no longer at the Property;

- Schuster disposed of some of Warner's personal property.

Schuster, however, alleges that he only put Warner as a joint owner on the Property as long as Warner immediately pay Schuster $9,090.44, half of the purchase price of the Property. It is disputed whether Warner paid anything in connection with the Property. Warner claims he paid the deposit. Schuster says it was him, not Warner, who paid the deposit.

Schuster filed the present motion for summary judgment. While the complaint does not request any relief, the motion for summary judgment appears to ask that the Court find Warner has no interest in the Property and that Schuster is the sole owner.

Warner then filed a response to Schuster's motion. In Warner's response, he asks the Court to declare Warner a 100 percent owner of the Property and order that the Property be titled in Warner's name alone. Warner does not deny that Schuster paid $17,180.87 towards the Property, nor does he deny that both his and Schuster's names are listed on the deed. But Warner asserts that Schuster is merely a lienholder on the Property. Though not formally framed as such, this Court will construe Warner's request for a declaratory judgment as a cross-motion for summary judgment.

Therefore, both motions ask for a declaratory judgment. In other words, the motions ask the Court to declare the rights and obligations of the parties with no coercive relief. Schuster also asks that this Court find Warner's failure to timely respond to Schuster's requests to admit within 30 days of service as deemed admitted. Schuster argues the admissions dispose of the case and support summary judgment. Warner claims he never received any discovery requests.

### DISCUSSION

**A. Warner's Untimely Responses**

First, this Court must address whether Warner's responses may be considered for this summary judgment motion. Schuster filed requests for admission in January 2022. When Warner did not respond within the 30 days normally allotted for an answer, Schuster filed this motion for summary judgment based in part on a belief the requests were deemed admitted. Warner

first addressed the requests to admit in April 2022, filed along with his response to the summary judgment motion.

Generally, each matter in a request for admission is deemed admitted unless the responding party serves a written answer or objection within 30 days or within such shorter or longer time as the court allows. FED. R. CIV. P. 36(a). The Court enjoys the discretion to permit a party to file a response to the requests after the expiration of the period, and after matters are deemed admitted, when such filing will facilitate a proper presentation of the merits and when the untimely response will not prejudice the requesting party in maintaining the action. FED. R. CIV. P. 36(b).

In a declaration submitted by the paralegal for Schuster's attorney attached to Schuster's motion for summary judgment, she states that she mailed the discovery requests to Warner on January 7, 2022. An envelope with a postmark of January 7, 2022, is attached to the declaration. The address appears to be Defendant's correct address. But Warner says he never received the requests.

Warner is unrepresented. Warner also told this Court several times that he has been "severely ill" from COVID or some other illness. This led to Warner requesting to delay and continue hearings and moving to extend the time to file an answer.

Based on the facts surrounding this case, the merits of the case are contested and a just disposition will be best achieved by considering Warner's

answers. The parties dispute who owns the Property—the central issue

underlying the motion for summary judgment now before the Court.

A court must strike a balance between the diligence in litigation and the

interests of justice. *See Szatanek v. McDonnell Douglas Corp.,* 109 F.R.D. 37, 41

(W.D.N.Y. 1985) (citing *Hadra v. Herman Blum Consulting Engineers*, 74 F.R.D.

113 (N.D. Tex. 1977)). Deciding dispositive issues against a party because of a

delay in responding to requests to admit where the defendant is an elderly, ill,

and unrepresented party does not strike this balance. Justice is best served by

deeming proffered facts not admitted and considering Warner's responses.

Considering Warner's responses will allow for "a proper presentation of the

merits" of this issues in this case. *Dorsky Hodgson & Partners, Inc. v. Nat'l

Council of Sr. Citizens*, 766 A.2d 54, 57 (D.C. 2001) (citing *United States v.

$30,354,* 863 F. Supp. 442, 444-45 (W.D. Ky. 1994)).

Further, the delay in responding to Schuster's requests to admit would

not prejudice Schuster's litigation of the action. Schuster has not asserted how

the delay would prejudice his litigation of this case. Warner's responses to the

requests to admit did not come, for example, on the eve of a trial. So this Court

will consider Warner's responses to Schuster's request to admit.

### B. Summary Judgment

The summary judgment standard under Rule 56 is familiar: summary

judgment may be entered when there is no genuine issue of any material fact,

and the movant is entitled to judgment as a matter of law. FED. R. CIV.

P. 56(a) (made applicable by FED. R. BANKR. P. 7056); *Velez v. City of Chicago*,

442 F.3d 1043, 1047 (7th Cir. 2006). Summary judgment is not a paper trial. As noted by the Court in *Anderson v. Liberty Lobby, Inc.*, the Court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The Court has one task and one task only: to decide, based on the record, whether there is any material dispute of fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *see also Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003). The Court must view all facts and indulge all inferences in the light most favorable to the defendant and determine whether there is a genuine issue for trial.

If the plaintiff makes out a prima facie case that there is no genuine issue of material fact, then the defendant must present evidence to show there is a genuine issue for trial. This evidence does not have to be "in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party may oppose the motion by "any of the kinds of evidentiary materials listed in Rule 56(c), except for the mere pleadings themselves." *Id.*

The issue before the Court is which party owns the Property. Both parties believe they are entitled to summary judgment on this issue.

Schuster believes it is an undisputed material fact that he is a 100 percent owner of the Property. According to Schuster, even though both names are on the deed as joint owners, Schuster owns the Property. This is because, he says, (1) he paid for it, and (2) Warner breached an agreement to pay

7

Schuster half of the purchase price as a condition for Warner's name being put on the deed.

The only writing is the deed. There is no evidence other than Schuster's Declaration of any condition to Warner having a one-half ownership interest in the Property. The deed controls. Further, Schuster has taken seemingly inconsistent positions about the Property. On the one hand, he argues he owns the Property because Warner didn't pay him one-half of the purchase price and so Warner owes him rent. On the other hand, he says that Warner owes him one-half of various other expenses in connection with the Property including real estate taxes, snow removal,  and various landscaping expenses. He suggests that the sums owed to him are "secured" because he "paid 100% of the purchase price." The portion of the claim he suggests is secured is one-half of the purchase price. There is no security agreement, mortgage, or other writing evidencing a security interest and no evidence of such an interest is in the record.

Warner, on the other hand, argues that he, not Schuster, is the 100 percent owner of the Property. Warner does not dispute that Schuster paid the bulk of the purchase price, or that Warner may owe Schuster some money. Still, he says Schuster is merely a "lienholder." There is no evidence of any such agreement other than Warner's statement. Again, the deed is the sole document in the record. While he argues the agreement was that Schuster would provide financing, Warner would check on the property and make improvements, and that he made various expenditures to improve the property,

8

there is no writing to support this. He also says that Schuster improperly disposed of personal property at the Property belonging to Warner and that the value of that property should also be considered.

Simply put, the parties agree that any writing about the ownership has been submitted. They agree Schuster voluntarily directed that the deed list both as joint owners. Neither party has asked that the Court decide the amount either party may owe the other. The sole question in this adversary is what ownership interest each party holds in the Property.

Based on the record before the Court, the Court finds that both parties are incorrect in their assertions. The warranty deed is clear: Schuster and Warner are joint tenants on the Property. Schuster handled the closing. He chose to put both his name and Warner's name on the deed. Beyond unsupported assertions made in Schuster's complaint, there is no evidence before the Court that Schuster and Warner executed any contract stating that as a condition for Warner being put on the warranty deed, he pay half of the purchase price. Thus this Court cannot determine, based on the record before it, that Warner breached any contract with Schuster, nor can this Court order that Warner's name be removed from the deed.

Nor is there any evidence of any note, mortgage, or other agreement suggesting that Schuster is merely a lienholder. The deed is clear that Warner and Schuster own the Property jointly. So this Court cannot order that the deed be placed solely in Warner's name, either.

9

Both parties ask this Court for a declaratory judgment determining who owns the Property. Summary judgment is proper on this question. This Court agrees that there is no genuine issue of material fact about the issue of which party owns the Property: each party is a one-half owner of the Property.

If Schuster believes he has a claim against Warner for some or all of the purchase price, Schuster may file a claim in Warner's main bankruptcy proceeding—which he has done. Neither the complaint, nor Schuster's motion for summary judgment, nor Warner's cross-motion, ask this Court to make any determination as to what portion of the purchase price of the Property might be owed to Schuster. Thus, this question will not be discussed in this decision.

CONCLUSION

For all these reasons, this Court GRANTS in part and DENIES in part both Schuster's motion for summary judgment and Warner's cross-motion. Specifically:

1. This Court GRANTS both Schuster's and Warner's motion and cross-motion for summary judgment to the extent that each party requests a declaratory judgment of who owns the Property and finds that both Michael Schuster and Dennis Mark Warner jointly own the Property in Albert Lea, Minnesota.

2. This Court DENIES both Schuster's and Warner's motion and cross-motion for summary judgment to the extent that each party asks the Court to (a) determine that either party is a 100 percent owner of the

Property, and (b) order that the Property be put in either party's name alone.

While this Court is denying in part each party's motion and cross-motion for summary judgment, the Court emphasizes that this decision is dispositive related to this adversary proceeding. Schuster and Warner ask the Court to determine the extent of each party's ownership interest in the Property. This Court can do so on summary judgment and thus there is no remaining issue to litigate in this adversary proceeding.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: July 21, 2022

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge